**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES, | ) | 2:13-cr-313-HDM-CWH |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| MARIO MARTINEZ-MANZO, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Currently before the court is defendant Mario Martinez-Manzo's ("defendant") motion requesting time reduction by an inmate in federal custody under 28 U.S.C. § 2255 (#26). The government responded (#28) and seeks to dismiss this action.

On September 24, 2013, defendant pled guilty to the charge of being a deported alien found unlawfully in the United States under 8 U.S.C. § 1326. On November 13, 2013, defendant was sentenced to a term of 37 months and 3 years of supervised release.

A motion for time reduction is governed by 28 U.S.C. § 2255. Under § 2255, a prisoner in custody seeking a reduction may only challenge his sentence on the grounds that it violates the Constitution, the court lacked jurisdiction when it initially

1

ruled, the sentence was excessive, or the sentence is otherwise subject to some other "collateral attack." 28 U.S.C. § 2255(a). If the files and records of the case "conclusively show" that the movant is not entitled to relief, then the court may dismiss the motion and need not hold an evidentiary hearing. 28 U.S.C. § 2255(b); *United States v. Medina-Villagrana*, No. 12-cr-0558-JM, 2012 WL4471259, at *1, (S.D. Cal. Sept. 25, 2012) (citing United States v. Quan, 789 F.2d 711, 715 (9th Cir. 1986)).

Defendant asserts 1) he is entitled to a reduction pursuant to the Bureau of Prisons' sentence reduction program, and 2) his constitutional right to equal protection under the Fourteenth Amendment and due process under the Fifth Amendment has been violated. Defendant contends that because he is not a U.S. citizen, he does not have the opportunity for a one year sentence reduction through a drug program and three month confinement at a halfway house, or a Unicor Job with good wages and other benefits, even though both aliens and citizens alike are subject to the same rules, policies, and standards of the institution where they are incarcerated. #26 at 2.

The Ninth Circuit has held that "motions to contest the validity of the sentence must be filed under § 2255 in the sentencing court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (citing *Doganiere v. United States*, 914 F.2d 165, 169-70 (9th Cir. 1990); *Brown v. United States*, 619 F.2d 672, 677 (9th Cir. 1980)). Conversely, "petitions that challenge the manner, location, or *conditions* of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Id.* (emphasis added). Here, the custodial court is the United States District Court for

the Eastern District of California because the defendant is confined in the Bureau of Prisons facility in Atwater, California.

While defendant filed this motion pursuant to 28 U.S.C. § 2255, his pleadings show he is not challenging the validity of his sentence, but rather the Bureau of Prisons' policies where he is incarcerated. Such a challenge falls under a "manner" or "condition" of his sentence, and is therefore appropriate pursuant to 28 U.S.C. § 2241, rather than 28 U.S.C. § 2255. To the extent the defendant is challenging the policy of the Bureau of Prisons, rather than his sentence, the action must be filed under § 2241 in the custodial court. *Id.*

To the extent the defendant is challenging the validity of his sentence, 28 U.S.C. § 2255 is subject to a one year statute of limitations. 28 U.S.C. § 2255(f).[1] This limitation requires the requesting party to bring the motion within one year of the date "on which the judgement of conviction becomes final." 28 U.S.C. § 2255(f)(1). After final judgment, the defendant has 14 days to appeal his conviction. Fed. R. App. P. 4(b)(1)(A)(I). However, a defendant can bring an ineffective assistance of counsel claim under § 2255 even if he does not raise that issue in the appeal. *Massaro v. United States*, 583 U.S. 500, 504 (2003).

Even if the motion is untimely, the one-year statute of limitations on § 2255 is subject to equitable tolling, which applies when "extraordinary circumstances beyond [the movant's] control made it impossible to file a petition on time and the

---

[1] Of note, if defendant had filed the appropriate habeas petition under 28 U.S.C. 2241, it would still be untimely, as that statute also has a one-year statute of limitations. *See* 28 U.S.C. 2244(d)(1) (2015).

3

extraordinary circumstances were the cause of his untimeliness." *United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004) (quoting *Laws v. Lamarque* 351 F.3d 919, 922 (9th Cir. 2003)). If the defendant can prove that he has diligently pursued his rights and extraordinary circumstances exist, the court may toll the one-year limitation. *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010).

Here, defendant was sentenced on November 13, 2013, and judgment was entered on November 15, 2013. Defendant did not appeal his conviction. Defendant filed his motion for reduction under § 2255 on April 20, 2015, which is one year and five months after the entry of judgment. Therefore, under § 2255's one-year statute of limitations, the defendant's motion is untimely.

The defendant has failed to make a showing that he diligently pursued his rights or that extraordinary circumstances exist that would justify the tolling of the one year limitation period.

Accordingly, based on the foregoing, defendant Mario Martinez-Manzo's motion to vacate under 28 U.S.C. § 2255 (#26) is DENIED.

IT IS SO ORDERED.

DATED: This 18th day of August, 2015.

_____
UNITED STATES DISTRICT JUDGE